## IRWIN v WEAVER

Ohio Appeals, 2nd Dist, Darke Co

No 432.   Decided Jan 9, 1934

Billingsley & Manix, Greenville, and John J. Maher, Greenville, for plaintiff in error.

George W. Porter, Greenville, and Jesse K. Brumbaugh, Greenville, for defendant in error.

## OPINION

By KUNKLE, J.

Various errors are assigned in the petition in error and are urged by counsel for plaintiff in error in the brief.

We have considered the record in this case and also the briefs of counsel with care, but shall not attempt to quote in detail from the record. The record is somewhat voluminous and to quote therefrom with any effect would require a repetition of a considerable portion of the testimony. This is unnecessary as counsel are thoroughly familiar with the same.

In some respects this case presents an unusual situation. It is admitted that the plaintiff at about 10 o'clock at night on the evening in question walked into the clothes line and received an injury to her eye which resulted in the loss of the sight of this eye. It is also admitted that Augusta Unger, at the time in question, was employed as a domestic in the home of defendant, and removed the pole from the said line to the premises of the defendant and used the same to support a wire clothes line in the yard of the defendant on which there were hung rugs belonging to the defendant. We think there is ample evidence in the record to support the finding that Augusta Unger, the domestic, was acting within the scope of her employment in taking the prop from under the clothes line of plaintiff and removing the same to the premises of the defendant and using the same for the purpose of supporting the clothes line of defendant.

There is also evidence tending to show that neither the defendant nor the said Augusta Unger notified plaintiff of the removal of said prop and there is also testimony tending to show that at the time of the removal of said prop from the premises occupied by plaintiff to the premises occupied by defendant that the prop was in a proper position to hold the clothes line on plaintiff's premises at sufficient height to enable plaintiff to pass under said line without danger. The record shows that plaintiff, at the time in question, went to the rear of her premises for the purpose of watering her flowers and in so doing ran into the clothes line. The nature of the injury to the plaintiff is clearly shown by the testimony and the pain and suffering resulting from the injury are established by abundant testimony.

There is some dispute in the record as to what transpired the morning following the accident. Plaintiff, on pages 61 and elsewhere in the record, testifies that defendant expressed regret for taking the prop and of the plaintiff's having no knowledge that the prop had been removed from the premises occupied by her to those occupied by the defendant.

On page 90, the witness Mrs. Smith, among other things, testified as follows:

"Q. After this conversation, Mrs. Weaver had with Mrs. Irwin, did she talk to you about it?

A. Well, she expressed herself that she was dreadfully sorry that this—that it had come up; that she had—that she had Augusta go and get the clothes prop from under the line, because the blankets were really not worth it.

Q. That is what she said to you, Mrs. Irwin?

A. Yes she said it to all of us.

Q. I see, and what did Augusta Unger say about it?

A. Well she said she was desperately sorry.

Q. About what?

A. About the prop being gone and she felt that it was their fault."

These conversations are denied but this results in a conflict of testimony which becomes a question for the jury rather than a reviewing court.

One of the principal questions urged by counsel for defendant relates to the nature of the action. Defendant insists that the law regulating landlord and tenant governs the action. Plaintiff contends that this is simply an action of negligence and that the quesion of landlord and tenant is not involved. An examination of the pleadings satisfies us that the contention of plaintiff is correct. The petition is based upon the negligence of Augusta Unger, an employee of defendant, while acting within the scope of her employment, entering the premises of plaintiff and removing the pole or prop therefrom to the premises of the defendant without the permission of plaintiff.

The nature of the case is also discussed on pages 202, 203 et seq of the record. This discussion occurred at the close of plaintiff's testimony. At page 202, the following appears:

MR. PORTER: This is not a case of landlord and tenant at all. This is a case of Master and Servant; that is, that the Master by some careless act of the servant * * *

COURT: Mr. Porter, are you basing your action here upon relationship of Landlord and Tenant or of negligence, or of a trespasser?

MR. PORTER: I am basing this action on the question of a person, a master, being liable for the wrongful acts of the servant.

Without quoting further from the discussion found on pages 202, 203, 204, our construction of the pleadings is that this is an action for negligence, that is, for the wrongful act of the servant of defendant and that the question of Landlord and Tenant is not involved. The case was tried upon this theory and we think properly so. On page 303 of the court's charge, the court said to the jury:

"The undisputed evidence is that the prop was taken from the premises and moved over to the premises of Mrs. Irwin. The case would therefore not be governed by the general rules of Landlord and Tenant, but would resolve itself into a case of negligence. It therefore becomes the duty of the court, under the state of the pleadings and the evidence that has been introduced, to instruct you that the case is based upon negligence, and it is the duty of the court to charge you upon that subject."

At the conclusion of the court's charge, on page 314, there is a remark of the court which leaves a different impression, but the request to charge which was made by one of counsel for plaintiff and which evidently formed the basis for the remark of the court, was not given. The general charge of the court clearly shows that the case was being tried as an action for negligence and that the question of Landlord and Tenant did not enter into the consideration of the case.

Much of the brief of counsel for defendant relates to the question of Landlord and Tenant which in our opinion, under the pleadings, is not an issue in the case.

We have considered the charge of the court as given, including the special charges given at the request of counsel for plaintiff, and when the charge is considered as a whole, we think it fairly presented the issues to the jury for its consideration. We find no error prejudicial to defendant in the admission or rejection of evidence.

We have also considered the amount of the verdict and when the undisputed evidence as to the effect of this injury, together with the pain and suffering resulting therefrom are considered, we do not think a reviewing court would be justified in disturbing the verdict because of its being excessive.

We have considered all of the grounds of error urged by counsel for plaintiff in error in their brief, but finding no error in the record which we consider prejudicial to defendant, or which we think would justify a reviewing court in disturbing the judgment of the lower court, the same will be affirmed.

HORNBECK, PJ, and BARNES, J, concur.